August B. MACELLARO

v.

Alan J. GOLDMAN, Assistant Director for Technology, et al.

No. 79–1206.

United States Court of Appeals, District of Columbia Circuit.

Argued Jan. 21, 1980.

Decided Feb. 7, 1980.

Rehearing Denied March 24, 1980.

Mark W. Foster, Washington, D. C., with whom O. Ann Horn, Washington, D. C., was on the brief for appellant.

John J. McDermott, Asst. U. S. Atty., Washington, D. C., with whom Earl J. Silbert,* U. S. Atty., and John A. Terry, Asst. U. S. Atty., Washington, D. C., were on the brief for appellee.

* Earl J. Silbert was United States Attorney at the time briefs were filed.

Before ROBB, WILKEY and WALD, Circuit Judges.

Opinion PER CURIAM.

Dissenting opinion filed by Circuit Judge WALD.

PER CURIAM:

Prior to July 26, 1972 appellant Macellaro was Chief of Research and Development in the Bureau of the Mint's Office of Technology at a GS–15 level. As part of a reduction-in-force within the Treasury Department, effective July 26, 1972, that position was abolished. Macellaro's responsibilities were shifted and he was placed in a new position as Chief Mechanical Engineer at a GS–14 level. By letter dated August 15, 1972 Macellaro, who was then 46 years old, appealed to the Civil Service Commission's Appeals Examining Office, and in a decision issued on October 5, 1972 that office found no violation of his reduction-in-force rights and upheld his decrease in grade. On October 12, 1972 Macellaro filed an appeal with the Civil Service Commission's Board of Appeals and Review. In a decision dated April 20, 1973 the Board affirmed the ruling of the Appeals Examining Office. The Board reasoned that a true reorganization had occurred during which functions formerly performed by Macellaro were properly transferred elsewhere. Macellaro did not seek judicial review of the Board's determination.

As a result of the reduction-in-force and reorganization of the Office of Technology, more than half of Macellaro's job responsibilities were shifted to the Chief of Industrial Engineering, a position left vacant by the July 1972 transfer of its incumbent. In February 1974, the position of Chief of Industrial Engineering was advertised by the Civil Service Commission as a GS–14/15 position (i. e., allowing promotion from GS–14 to GS–15 without competition). Macellaro applied for the job, but two months after he submitted his application the advertised position was withdrawn at the request of Dr. Alan J. Goldman, Director of the Office of Technology.

On April 18, 1974 a GS–12 "Non-professional Technician" position was advertised by the Civil Service Commission, and eight days later the job was awarded to William F. Smith, who was then 32 years old. In January 1975 Smith was reclassified as an "Industrial Engineer", and in June 1975 he was upgraded from a GS–12 to a GS–13.

On January 6, 1976 the Acting Director of the Bureau of the Mint, Frank J. MacDonald, reorganized the Office of Technology to change Macellaro's title from "Chief Mechanical Engineer" to "Engineering Staff", but his grade remained at GS–14.

On May 6, 1976 Dr. Goldman requested the Bureau of the Mint's Personnel Division to reclassify William Smith's position from "Industrial Engineer" to "General Engineer", and on November 7, 1976, that reclassification was approved. As a result of the reclassification Smith received no increase in pay (i. e., he remained at a GS–13 level) or any other benefits, but he did acquire some of the duties formerly assigned to Macellaro prior to the 1972 reduction-in-force. In response to Goldman's efforts to reclassify Smith, Macellaro filed an administrative complaint of age discrimination with the Treasury Department on June 23, 1976. The complaint alleged that "the position of General Engineer is being structured to function in the same capacity as a position from which Mr. Macellaro was previously RIF'd in order to promote a younger employee, without offering the position to Mr. Macellaro." By letter dated September 6, 1977 the Treasury Department rendered its final decision denying the administrative complaint because it found no evidence of age discrimination.

On October 5, 1977 Macellaro filed a complaint in the United States District Court for the District of Columbia, alleging that Alan J. Goldman, the Bureau of the Mint's Assistant Director for Technology, and Frank J. MacDonald, the Bureau of the Mint's Deputy Director, had violated the Age Discrimination in Employment Act, 29 U.S.C. § 633a (1976) by "advancing a younger employee, William Smith, who has fewer qualifications to the position of 'Gen-

eral Engineer' on May 6, 1976, which position closely resembles the position formerly held by [Macellaro] which was abolished in July 1972 ostensibly as a result of a reduction-in-force (RIF) and reorganization of the Mint." On December 6, 1977 the defendants filed a motion to dismiss the suit or, in the alternative, for summary judgment. One ground of the motion was that because the 1976 reclassification of Smith did not result in any injury to Macellaro the complaint failed to state a claim upon which relief could be granted. Macellaro filed an opposition to the defendants' motion, asserting that "[a]lthough · . . . the reclassification of Mr. William F. Smith did not harm Mr. Macellaro, . . . the Smith reclassification is but one act in a long series of acts designed to achieve an unlawful end. Mr. Macellaro has been the victim of a continuing scheme to discriminate against him on account of his age." In an affidavit accompanying his opposition to the defendants' motion, Macellaro alleged with greater particularity the events comprising this "continuing scheme".

After a hearing on June 20, 1978 the District Court, in a written opinion dated July 12, 1978, granted the defendants' motion to dismiss. The District Court reasoned that Macellaro had failed to file a timely notice of intent to sue with the United States Civil Service Commission as required by 29 U.S.C. § 633a(d) (1976), and that Macellaro had failed to make out a *prima facie* case of age discrimination because he had conceded that the 1976 reclassification of Smith did not harm him and thus this reclassification could not form the basis of a continuing violation of the Age Discrimination in Employment Act. On July 24, 1978 Macellaro moved the District Court to reconsider its judgment, and, on the same date, the defendants moved the court to amend its opinion. Both motions disputed the District Court's finding that a timely notice of intent to sue had not been filed with the Civil Service Commission, but Macellaro also argued that the court had "erred in applying the law concerning 'continuing violations' to the facts of this case." By order dated November 17, 1978 the Dis-

trict Court denied Macellaro's motion to reconsider, but the court did amend its opinion by striking the paragraph concerning the failure to file a timely notice. This appeal by Macellaro followed.

The purpose of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* (1976) is "to promote employment of older persons based on their ability rather than age; to prohibit arbitrary age discrimination in employment; [and] to help employers and workers find ways of meeting problems arising from the impact of age on employment." By an amendment that became effective on May 1, 1974 the Age Discrimination in Employment Act's protections were extended to federal employees, 29 U.S.C. § 633a (1976), and the amendment has been held to apply to cases pending, either administratively or in the federal district courts, on the effective date. *See Bunch v. United States,* 548 F.2d 336 (9th Cir. 1977). 29 U.S.C. § 633a(a) provides that "all personnel actions affecting [federal] employees or applicants for employment . . . shall be made free from any discrimination based on age."

Macellaro contends that the dismissal of his suit was inappropriate because the record reveals a continuing violation, or a series of separate violations occurring after May 1, 1974, of the Age Discrimination in Employment Act, giving rise to a claim upon which relief could have been granted. In short, Macellaro alleges an elaborate and persistent scheme to drive him out of the Bureau of the Mint because of his age and to replace him with a younger man.

Where there exists current discrimination or a continuous chain of discriminatory acts, the courts have treated the entire course of conduct as a continuing statutory violation. *See, e. g., Macklin v. Spector Freight Systems, Inc.,* 156 U.S.App.D.C. 69, 77, 478 F.2d 979, 987 (1973); *Moore v. Sunbeam Corp.,* 459 F.2d 811, 828 (7th Cir. 1972). However, the Supreme Court, in *United Air Lines, Inc. v. Evans,* 431 U.S. 553, 558, 97 S.Ct. 1885, 1889, 52 L.Ed.2d 571 (1977), has cautioned that:

816

A discriminatory act which is not made the basis for a timely charge is the legal equivalent of a discriminatory act which occurred before the statute was passed. It may constitute relevant background evidence in a proceeding in which the status of a current practice is at issue, but separately considered, it is merely an unfortunate event in history which has no present legal consequences.

Respondent emphasizes the fact that she has alleged a *continuing* violation. . . . But the emphasis should not be placed on mere continuity; the critical question is whether any present *violation* exists. [Emphasis in original]

■ The alleged discrimination complained of by Macellaro is his 1972 demotion from GS–15 to GS–14 as a result of a reduction-in-force. That action was the source of whatever injury he has suffered. However, the Age Discrimination in Employment Act was not applicable to federal employees in 1972, Macellaro's challenge to the reduction-in-force was not pending administratively or before the courts as of May 1, 1974, and Macellaro did not seek judicial review of the decision by the Civil Service Commission's Board of Appeals and Review upholding the reduction-in-force and his consequent decrease in grade.

The post-1972 events cited by Macellaro as violations of the statute simply did not injure him. The withdrawal of the advertised "Chief of Industrial Engineering" position harmed Macellaro no more than it did any other applicant because the job was never filled. The hiring of William Smith as a GS–12 "Non-professional Technician", his promotion to a GS–13 "Industrial Engineer" and his reclassification as a GS–13 "General Engineer" caused no hardship to Macellaro because Macellaro did not seek any of those positions graded below his own. Although Macellaro's affidavit notes the January 6, 1976 change in his title from "Chief Mechanical Engineer" to "Engineering Staff", he does not allege any corresponding reduction in his job responsibilities, but says only that he "feel[s] this change will be used to downgrade [him] further."

The dissent argues that the January 6, 1976 renaming of Macellaro's position was a ground for a valid claim under the Age Discrimination in Employment Act and hence preserves his cause of action. The record does not support this argument. The Age Discrimination in Employment Act, 29 U.S.C. § 633a(d) (1976), provides that, *where no administrative complaint has been filed,* a civil action may not be commenced unless 30 days' notice of intent to sue is given to the Civil Service Commission and such notice is filed within 180 days after the alleged unlawful practice occurred. Macellaro did file an administrative complaint on June 23, 1976, but that complaint referred to the May 6, 1976 request by Dr. Goldman to reclassify William Smith's position from "Industrial Engineer" to "General Engineer". Nothing in the record indicates that an administrative complaint was ever filed by Macellaro on the basis of the January 6, 1976 action that changed his title, and thus he could not file a civil action based on that event without first submitting timely notice of intent to sue. On November 29, 1976 Macellaro filed a notice of intent to sue on the basis of the May 6, 1976 action and he filed suit in the District Court on October 5, 1977. Even if these filings could be construed to refer to the January 6, 1976 action, they were not timely with respect to that action. Therefore, if as the dissent contends, Macellaro's only cognizable claim under the Age Discrimination in Employment Act is the January 6, 1976 renaming of his position, his suit is barred for failure to comply with the jurisdictional prerequisites of 29 U.S.C. § 633a(d) (1976).

It follows that as a matter of law Macellaro has not demonstrated a "continuing violation" of the Age Discrimination in Employment Act; he has not demonstrated the existence of any present violation of the statute, *see United Air Lines, Inc. v. Evans, supra,* at 558, 97 S.Ct. at 1889. The District Court correctly concluded that Macellaro "has failed to make out a prima facie case of age discrimination." Appellant Macella-

ro's suit—as well as the 1974 amendment to the Age Discrimination in Employment Act—comes too late to redress his 1972 demotion from GS–15 to GS–14. As a remedy for any future preference accorded Smith on the basis of age for a position sought by Macellaro, the suit is premature.

Because the affidavits of James J. Mulcahy and Macellaro were before the District Court, the defendants' motion should have been treated as one for summary judgment under Rule 56 F.R.C.P. Thus, since there exists "no genuine issue as to any material fact" and Macellaro has failed as a matter of law to establish a cognizable claim under the Age Discrimination in Employment Act, the case is remanded to the District Court with directions to enter summary judgment for the defendants.

*So ordered.*

WALD, Circuit Judge, dissenting:

Although appellant's 1972 demotion is the most striking act of discrimination complained of, I read his affidavit filed in opposition to appellee's motion to dismiss to allege at least one cognizable discriminatory action occurring after the Age Discrimination in Employment Act (ADEA) became effective for federal employees. Appellant alleges that his office underwent a further reorganization in January, 1976, under which his "position has been further reduced from chief of a division (Mechanical Engineering) to simply an engineering staff." This alleges a reduction in his supervisory responsibility. At oral argument counsel for appellant stated:

> [I]n 1976 his position was further reduced in scope. He became what is called an "engineering staff." He had no division under him and no agency-wide responsibilities.

The ADEA, 29 U.S.C. § 623(a) (1976), prohibits discrimination not only in compensation, hiring or discharge, but also, like its counterpart in Title VII, 42 U.S.C. § 2000e–2(a) (1976), any discrimination in "terms, conditions, or privileges of employment." The quoted language is broad, *Rogers v. Equal Employment Opportunity Commission,* 454 F.2d 234, 238 (5th Cir. 1971), *cert. denied,* 406 U.S. 957, 92 S.Ct. 2058, 32 L.Ed.2d 343 (1972) (Title VII), and includes critical reductions in responsible assignments or supervision over others. *Cf. EEOC Dec. No. 70350,* 2 FEP 498 (1969) (assignment of sole black salesman to all black accounts prohibited).

Nor can I conclude as a matter of law that the district court is without jurisdiction to entertain a claim predicated in part on the January, 1976 reorganization. Even if appellant's administrative complaint did not allege the 1976 reorganization as an act of discrimination—a fact that cannot be ascertained without a copy of the administrative complaint—this suit should not be barred if the

> allegations . . . "encompass any kind of discrimination like or related to allegations contained in the [administrative complaint] . . .." In other words, the "scope" of the judicial complaint is limited to the "scope" of the [administrative] investigation which can reasonably be expected to grow out of the [administrative] charge of discrimination.

*Sanchez v. Standard Brands, Inc.,* 431 F.2d 455, 466 (5th Cir. 1970) (Title VII), *quoting King v. Georgia Power Co.,* 295 F.Supp. 943, 947 (N.D.Ga.1968).[1] The limited record now before us does not permit a finding that the scope of the administrative investigation reasonably to be expected to grow out of appellant's complaint was not as broad as the scope of the facts alleged in appellant's affidavit filed in the district court. In fact,

---

1. *See also Macklin v. Spector Freight Sys., Inc.,* 156 U.S.App.D.C. 69, 78, 478 F.2d 979, 988 (D.C.Cir.1973) (Title VII):

    If the Commission viewed Macklin's complaint as stating a broad-gauged attack on Spector's continuing hiring practices, we see no reason to construe his allegations in a crabbed, artificial manner. Quite the reverse, we think, along with other courts, that the matters the Commission proceeds to investigate should assist in determining the scope of the complaint for purposes of applying Title VII's jurisdictional requirements.

the record documents suggest the administrative investigation was a broad one. The letter of final administrative disposition issued to the appellant suggests that Mr. Macellaro's entire employment history since the 1972 reorganization may have been examined to determine whether it revealed evidence of age discrimination.[2]

Because I think appellant has sufficiently alleged at least one act of discrimination occurring after the effective date of the ADEA for federal employees to survive this motion to dismiss or for summary judgment and because there is not sufficient evidence in this record from which to conclude that he has failed to fulfill the jurisdictional prerequisites to suit under the ADEA, I dissent.

---

2. The letter stated as follows:

The essence of Mr. Macellaro's complaint, is that the position of General Engineer is being structured to function in the same capacity as a position from which Mr. Macellaro was previously RIF'd in order to promote a younger employee, without offering the position to Mr. Macellaro. The record shows that the position in question is not like that one previously held by Mr. Macellaro. Further, the position came about as the result of a reorganization promoted by Department, and not the Bureau. I can find no evidence that the Bureau has resurrected Mr. Macellaro's former position or that a younger employee is being advanced in preference to Mr. Macellaro because of his age.
Joint Appendix 47.