Vincent H. STOUT, Plaintiff,

v.

AMOCO PRODUCTION COMPANY, Defendant.

No. C79–223B.

United States District Court, D. Wyoming.

Sept. 18, 1980.

Gloria J. Monroe, Casper, Wyo., for plaintiff.

Cecil R. Hedger of Nelson & Harding, Denver, Colo., Thomas Michael O'Brien, Chicago, Ill., and Douglas G. Madison of Dray, Madison & Thomson, P. C., Cheyenne, Wyo., for defendant.

## MEMORANDUM OPINION AND ORDER

BRIMMER, District Judge.

This is an action brought pursuant to the Age Discrimination Employment Act of 1967, as amended, 29 U.S.C. § 621 *et seq.* Plaintiff, a 57 year old male, was a former employee of Defendant at Defendant's Riverton, Wyoming gas plant. The parties stipulated that the issues raised herein were limited to the Riverton, Wyoming employment location of Plaintiff during Plaintiff's employment with Defendant. Jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 626 and 29 U.S.C. § 216.

Defendant, Amoco Production Company, has filed a Motion for Summary Judgment contending that Plaintiff's Complaint and Amended Complaint fail to state a claim for which relief can be granted due to the three year statute of limitations contained in the Portal-To-Portal Act, 29 U.S.C. § 255(a) made applicable to this action by virtue of the provisions of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(e). Discovery in this case was completed on May 12, 1980 and Defendant's Motion for Summary Judgment was filed thereafter. This Court concluded a Supplemental Pre-Trial Conference and prepared and issued its Order on Supplemental Pre-Trial Conference before this Court heard oral argument on Defendant's Motion for Summary Judgment. The Court, having reviewed the record, the stipulations of counsel, the briefs and arguments of counsel, and having determined that no genuine issue of fact exists with respect to Defendant's Motion for Summary Judgment, hereby enters its Findings of Fact and Conclusions of Law.

## I.

Plaintiff's Complaint, filed in this Court on August 10, 1979, alleged that Defendant violated § 4(a)(1) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 623(a)(1) by discriminating against Plaintiff on account of his age while Plaintiff was employed by Defendant at the Riverton, Wyoming gas plant. Plaintiff's Complaint claimed that the alleged violations of Defendant were "willful." Defendant filed a Motion for a More Definite Statement in which Defendant raised the question of the applicability of the three year statute of limitations contained in 29 U.S.C. § 255(a) as well as whether Plaintiff had complied with the requirements under the Age Discrimination in Employment Act of 1967, as amended, allowing for individual lawsuits alleging age discrimination in employment, 29 U.S.C. § 626(d). Plaintiff filed an Amended Complaint *sua sponte* on October 19, 1979 again alleging that Defendant had engaged in certain willful unlawful employment practices against Plaintiff on account of his age while he was employed by Defendant. Defendant's Answer generally denied the allegations of the Complaint and Amended Complaint and affirmatively alleged that Plaintiff's lawsuit was absolutely barred by the three year statute of limitations.

## II.

Plaintiff was employed by Defendant at its Riverton, Wyoming gas plant through July 25, 1976. The facts are undisputed that Plaintiff voluntarily submitted his resignation from employment with Defendant on July 16, 1976 and that Plaintiff ceased performing services for Defendant no later than July 25, 1976. Prior to his July 16, 1976 resignation of employment with Defendant, Plaintiff had accepted employment with ARCO International Oil and Gas Company. The admitted facts reveal that Plaintiff was employed by, and receiving compensation from, ARCO International Oil and Gas Company on August 1, 1976.

While employed with Defendant, Plaintiff had earned accrued vacation time and

vacation pay. Defendant granted Plaintiff his accrued vacation time and paid Plaintiff his accrued vacation pay thereby, for administrative purposes, extending Plaintiff's credited service time with Defendant through August 15, 1976.

### III.

Plaintiff claims that he was discriminated against on account of his age when he was passed over for a promotion to the position of process foreman at the Riverton, Wyoming gas plant on January 11, 1976. Plaintiff further claims that he was discriminated against on account of his age when he failed to receive a merit wage increase on April 4, 1976. There is no factual dispute with respect to the January 11, 1976 date when Plaintiff failed to be promoted nor is there a factual dispute with respect to the April 4, 1976 date when Plaintiff failed to receive a merit wage increase. Other than the January 11, 1976 promotion, awarded to an employee other than the Plaintiff, there were no job vacancies existing at the Riverton, Wyoming gas plant for process foreman from January 11, 1976 through the date Plaintiff voluntarily resigned from employment with Defendant, July 16, 1976, and the date he ceased performing services for the Defendant, no later than July 25, 1976.[1]

### IV.

Plaintiff, in his deposition, testified he became aware that, allegedly, age was a factor in his not receiving the promotion to the position of process foreman on January 11, 1976. Significantly, in this regard, the Court notes that there is no factual question present with respect to Defendant's compliance with 29 U.S.C. § 627. The Notice required by 29 U.S.C. § 627 was posted

by Defendant at its Riverton, Wyoming facility. Plaintiff, in his deposition, testified that the United States Department of Labor, Wage and Hour Division's poster, informing individuals of their rights under the Age Discrimination in Employment Act of 1967, as amended, was posted in a lunchroom which Plaintiff utilized twice daily while he was employed by Defendant. The Court also notes that Plaintiff had utilized the services of an attorney to look into his employment situation with the Defendant prior to Plaintiff's August 1, 1976 commencement of employment with his present employer.

### V.

The instant case involves two separate incidents of alleged discrimination: i. e., the January, 1976 failure to promote and the April 4, 1976 failure to receive a merit wage increase. Plaintiff argues that the alleged separate incidents of discrimination are continuing in that Plaintiff is continuing to experience their effects. Thus, Plaintiff argues, the complaint is timely where, as in this case, the complaint was filed within three years of the date in which Plaintiff's net credited service date (for accrued vacation time and pay) was set by Defendant. Plaintiff's arguments fail to persuade this Court that Plaintiff's complaint is not absolutely barred by the three year statute of limitations found in 29 U.S.C. § 255(a).

### VI.

The instant record is unequivocally clear that there were no job vacancies to which Plaintiff could have been promoted from on or after January 25, 1976 through the August 1, 1976 date Plaintiff commenced employment with his present employer.[2] The

---

1. On January 25, 1976 there was a position open for process foreman outside the Riverton, Wyoming employment location of the Plaintiff. Plaintiff was not awarded this position.

   The record is clear that no job vacancy existed for the position of process foreman to which Plaintiff could have been promoted from January 25, 1976 through August 1, 1976, the date Plaintiff commenced employment with ARCO

International Oil and Gas Company, his present employer.

2. Indeed, the undisputed facts before the Court indicate no job vacancy for the position of process foreman existed to which Plaintiff could have been promoted through August 15, 1976, the date shown by Defendant for Plaintiff's net credited service allowing for receipt of accrued vacation time and vacation pay.

failure to receive a merit wage increase on April 4, 1976 was a discrete incident of alleged discrimination. The instant case parallels closely the situation facing the Tenth Circuit Court of Appeals in *Law v. United Air Lines, Inc.*, 519 F.2d 170 (10th Cir. 1975). The Court in *Law v. United Air Lines, Inc.*, supra, in accord with the decision of the Fifth Circuit Court of Appeals in *Powell v. Southwestern Bell Telephone Company*, 494 F.2d 848 (5th Cir. 1974) rejected the contention of a "continuing violation" in actions under the Age Discrimination in Employment Act of 1967, as amended, where the admitted facts, as here, revealed that no job vacancy existed for which the Plaintiff was concerned. The Court finds that the two separate incidents of alleged discrimination were separate and distinct and were not continuing. See *Law v. United Air Lines, Inc.*, supra; *Powell v. Southwestern Bell Telephone Company*, supra. See also *United Air Lines, Inc. v. Evans*, 431 U.S. 553, 97 S.Ct. 1885, 52 L.Ed.2d 571 (1977) (Title VII); *Ciccone v. Textron, Inc.*, 616 F.2d 1216 (1st Cir. 1980) (ADEA); and, *Goldman v. Sears, Roebuck & Company*, 607 F.2d 1014 (1st Cir. 1979) (ADEA).

### VII.

■ The Court finds that a cause of action under the Age Discrimination in Employment Act of 1967, as amended, begins to accrue on the date the "alleged unlawful practice occurred." 29 U.S.C. § 626(d). See also *Oscar Mayer Co. v. Evans*, 441 U.S. 750, 99 S.Ct. 2066, 60 L.Ed.2d 609 (1979). In this case, the three year statute of limitations began to run, with respect to the alleged discrimination on the failure to promote, no later than January 25, 1976. The three year statute of limitations began to run, with respect to the allegedly discriminatory failure to receive a merit wage increase, and no later than April 4, 1976.

Plaintiff argues that August 15, 1976, the date Defendant computed Plaintiff's credited service for purposes of accrued vacation time and pay, is controlling and cites *Moses v. Falstaff Brewing Corp.*, 525 F.2d 92 (8th Cir. 1975). This Court, under the admitted facts submitted in this case, declines to follow *Moses v. Falstaff Brewing Corp.*, supra. In this case, from August 10, 1976, three years prior to Plaintiff's complaint being filed in this Court, until August 15, 1976, Plaintiff was actively employed by his present employer. Plaintiff does not allege any incidents of alleged discrimination during the time between August 10, 1976 and August 15, 1976. *Moses v. Falstaff Brewing Corp.*, supra, has been severely criticized by other Courts which have declined to follow that case and is totally at odds with cases in the Eighth Circuit on the issue presented. See *Olson v. Rembrandt Printing*, 511 F.2d 1228 (8th Cir. 1975) (*en banc*) and *Greene v. Carter Carburetor Co.*, 532 F.2d 125 (8th Cir. 1976). And see *Krzyzewski v. Metro Govt. of Nashville*, 584 F.2d 802 (6th Cir. 1978).

As has been previously noted, Plaintiff voluntarily tendered his resignation from employment with Defendant on July 16, 1975. The admitted facts herein demonstrate that Plaintiff ceased performing services for the Defendant no later than July 25, 1976. Liberally construing the humanitarian purposes and policies of the Age Discrimination in Employment Act of 1967, as amended, and giving Plaintiff the benefit of any doubt with respect to the accrual of any cause of action he may have had under the Age Discrimination in Employment Act of 1967, as amended, the Court concludes that Plaintiff cannot go beyond July 25, 1976, the admitted date Plaintiff ceased performing services for Defendant. As noted herein, the separate incidents of alleged discrimination are not continuing. The instant record reveals no basis for this Court to toll the statute of limitations. Indeed, no allegation nor contention was advanced by Plaintiff urging any basis that the statute of limitations be tolled. Further, from the undisputed facts herein, the Court finds no prejudicial behavior directed toward Plaintiff attributable to Defendant so as to possibly estop Defendant from asserting the statute of limitations as a bar to Plaintiff's lawsuit.

This Court is persuaded that the rule enunciated in *Bonham v. Dresser Industries, Inc.*, 569 F.2d 187 (3rd Cir. 1977), *cert. denied* 439 U.S. 821, 99 S.Ct. 87, 58 L.Ed.2d 113 (1978), more soundly advances the purposes and policies of the Age Discrimination in Employment Act of 1967, as amended. The Third Circuit Court of Appeals in *Bonham v. Dresser Industries, Inc.*, supra, held:

Although no simple rule can be formulated which will deal adequately with all factual situations, where unequivocal notice of termination and the employee's last day of work coincide, then the alleged unlawful act will be deemed to have occurred on that date, notwithstanding the employee's continued receipt of certain employee benefits such as periodic severance payments or extended insurance coverage. See *Davis v. R.J.R. Foods, Inc.*, 420 F.Supp. 930, 931 n.1 (SDNY 1976), aff'd without opinion, 556 F.2d 555 (2nd Cir. 1977); *Doski v. M. Goldseker Co.*, 539 F.2d 1326, 1328 n.3 (4th Cir. 1976); *Payne v. Crane Co.*, 560 F.2d 198, 199 (5th Cir. 1977) (*per curiam*).

We reject the rule propounded in *Moses v. Falstaff Brewing Corp.*, 525 F.2d 92 (8th Cir. 1975), which looks exclusively to the company's official termination date as reflected in company records. Because, as in the case *sub judice*, a company may use different termination dates for different purposes, the *Moses* rule does not adequately resolve the issue. Moreover, we would be wary of any approach which determines the timeliness of an employee's suit against his employer solely on the basis of the records which are within the exclusive control of the employer. On the other hand, we also view with disfavor a rule that penalizes a company for giving an employee periodic severance pay or other extended benefits after the relationship has terminated rather than severing all ties when the employee is let go. 569 F.2d at 191, 192.

It is clear that there was an unequivocal intent on the part of the Plaintiff to sever his employment relationship with the Defendant on July 16, 1976. It is also clear that the Plaintiff ceased performing services for the Defendant no later than July 25, 1976. The facts herein are compellingly similar to *Monroe v. Penn-Dixie Cement Corporation*, 335 F.Supp. 231 (N.D.Ga.1971), where the Court, relying on *Tayor v. Tulsa Tribune Co.*, 136 F.2d 981 (10th Cir. 1943) held that a cause of action, for an alleged unlawful discharge, under the Age Discrimination in Employment Act of 1967, as amended, begins to accrue on the last day an individual performs services for an employer, notwithstanding the receipt by that individual of vacation time and vacation pay.

## VIII.

29 U.S.C. § 255 provides:

Any action commenced on or after May 14, 1947, to enforce any cause of action for unpaid minimum wages, unpaid overtime compensation, or liquidated damages, under the Fair Labor Standards Act of 1938, as amended, the Walsh-Healey Act, or the Bacon-Davis Act—

(a) If the cause of action accrues on or after May 14, 1947—may be commenced within two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued.

For purposes of ruling on Defendant's Motion for Summary Judgment, the Court has taken as true Plaintiff's allegations that the alleged violations by Defendant were "willful." As noted, giving Plaintiff the benefit of any doubt with respect to the accrual of any cause of action Plaintiff may have had under the Age Discrimination in Employment Act of 1967, as amended, and applying the three year statute of limitations, the Court concludes that Plaintiff cannot go beyond July 25, 1976. This is particularly true where, as here, the admitted facts demonstrate that the "alleged unlawful practice(s) occurred," 29 U.S.C. § 626(d), in January, 1976 and April, 1976.

The limitations period in 29 U.S.C. § 255, "set forth in explicit terms" to protect defendants "against stale claims," *Oscar Mayer & Co. v. Evans*, 441 U.S. 750, 99 S.Ct. 2066, 2074–75, 60 L.Ed.2d 609 (1979) "states very clearly that 'every . . . action shall be forever barred unless commenced' with the limitations period." *Marshall v. American Motors Corporation*, 475 F.Supp. 875, 866 (E.D.Mich.1979). Where, as here, there is conspicuously absent any reason for tolling the limitations period, and where, as here, there is no possible basis upon which Defendant may be estopped from asserting the statute of limitations to bar a "stale claim," *Oscar Mayer & Company v. Evans*, supra, Plaintiff's Complaint and Amended Complaint must be dismissed as barred by the statute of limitations, 29 U.S.C. § 255. *See Marshall v. American Motors Corp.*, supra. *See also Fulton v. N.C.R. Corp.*, 472 F.Supp. 377 (W.D.Va.1979); *Jackson v. Alcan Sheet & Plate*, 462 F.Supp. 82 (N.D.N.Y.1978).

### ORDER OF THE COURT

IT IS THEREFORE

ORDERED AND ADJUDGED that Defendant's Motion for Summary Judgment premised upon the three year statute of limitations on Plaintiff's age discrimination claims be, and the same hereby is, granted in all respects consistent with the opinion filed this date, and that the Plaintiff's Complaint in the above-entitled action, and the cause represented thereby, be and it hereby is dismissed, with prejudice.