Helen HUFFMAN

v.

IGW SYSTEMS, INC.

No. IP 84–844–C.

United States District Court,
S.D. Indiana,
Indianapolis Division.

Nov. 14, 1985.

---

Jack L. Bailey, Jones, Loveall & Johnson, Franklin, Ind., for plaintiff.

George V. Heins, Smith, Dailey & Douglas, Indianapolis, Ind., for defendant.

## ORDER

STECKLER, District Judge.

Before the Court are defendant's motion to dismiss Counts II and III of plaintiff's amended complaint and defendant's motion for summary ruling thereon. Fed.R.Civ.P. 12; S.D.Ind.Local Rule 9(a). The Court notes that the Magistrate's pretrial entry of January 17, 1985, indicates that plaintiff did not intend to respond to defendant's motions. In fact, plaintiff has not responded. Consequently the Court has before it only defendant's brief.

The facts, drawn primarily from the amended complaint, are as follows: Plaintiff's initial employment with IGW began in November 1942. After a seven-month absence, plaintiff returned to work at IGW on July 22, 1948. In June of 1963, plaintiff retired from IGW. Whether the retirement was forced or voluntary is disputed. On October 22, 1968, plaintiff again returned to work at IGW where she remained until her current retirement on January 6, 1984. Plaintiff's retirement benefits are calculated on a seniority date of October 22, 1968. Plaintiff asserts that her seniority should be "bridge over" the 1963 retirement and related back to July 22, 1948.

Count II of the amended complaint alleges that IGW violated the Age Discrimination in Employment Act of 1967 (ADEA) by forcing plaintiff to retire in 1963 because of her age. 29 U.S.C. § 623. Further, the complaint recites that IGW perpetuated said discrimination by refusing to acknowledge plaintiff's seniority date as July 22, 1948. Count III alleges that IGW violated Title VII of the Civil Rights Act of 1964 by discriminating against plaintiff because of her sex. 42 U.S.C. § 2000e et seq. Specifically, plaintiff charges that IGW discriminated by forcing plaintiff to retire in 1963 and by "bridging over" the seniority dates of two male employees in 1981 but refusing to "bridge over" plaintiff's seniority date.

Defendant moves to dismiss Counts II and III on three grounds. First, the 1963 retirement predates both the ADEA and Title VII and therefore fails to state a claim for relief. Second, defendant argues that plaintiff failed to file an EEOC charge regarding either the ADEA or Title VII and therefore the claims are not properly before the Court. Third, defendant argues the claims are time barred.

 Viewing plaintiff's allegations as true, the Court concludes that Count II fails to state a claim entitling plaintiff to relief. Assuming plaintiff was involuntarily retired in June 1963 because of her age, said retirement predated enactment of the ADEA, which became effective on June 12, 1968, by nearly five years. Therefore, the forced retirement did not unlawfully violate the ADEA. *Monroe v. Penn-Dixie Cement Corporation*, 335 F.Supp. 231 (D.C.Ga.1971). Additionally, plaintiff's contention that IGW perpetuated the discrimination by refusing to acknowledge plaintiff's seniority date fails to allege a continuing violation of the ADEA which could be redressed after the ADEA became effective. Simply stated, plaintiff has not demonstrated the existence of any *present* violation of the statute. Rather, plaintiff complains of the present effect of a single discrete act of discrimination, forced retirement. Absent a continuing present violation of the ADEA, plaintiff fails to state a claim. *See Macellaro v. Goldman*, 643 F.2d 813 (C.A.D.C.1980); *Stout v. Amoco Productions Co.*, 508 F.Supp. 30 (D.C.Wyoming, 1980); *Goldman v. Sears Roebuck & Co.*, 607 F.2d 1014 (1st Cir.1979).

 Viewing plaintiff's allegations in Count III as true, the Court concludes that the Count should be dismissed. As is true in Count II, the involuntary retirement predates enactment of Title VII, effective July 2, 1965, and is therefore not cognizable under Title VII. *United Airlines, Inc. v. Evans*, 431 U.S. 553, 97 S.Ct. 1885, 52 L.Ed.2d 571 (1977). Additionally, assuming IGW discriminated against plaintiff in 1981 by refusing to "bridge over" her seniority, the claim is time barred. A prerequisite to bringing a Title VII action in federal court is filing a charge with the EEOC. Charges must be filed within 300 days of the discriminatory act, subject to equitable tolling of the time requirement. *Zipes v. Transworld Airlines, Inc.*, 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982). The Court concludes there is no basis in equity to toll the time limit in this suit.

 Assuming IGW actively misrepresented plaintiff's seniority date since 1981, the complaint shows plaintiff clearly knew on June 6, 1984, that her seniority had not been "bridged over" to July 22, 1948. Paragraph 13 of the amended complaint recites, "Plaintiff retired on or about January 6, 1984 and refused to sign pension papers as Defendant informed her that her seniority date was October 22, 1968." Giving plaintiff every benefit in construing the complaint, the 300-day time limit began to run June 6, 1984. To date plaintiff has not filed a charge with the EEOC. Count III of the present cause, therefore, is time barred.

For the reasons stated above, IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Count II and Count III of the amended complaint are DISMISSED.