Melva A. RAY, Plaintiff-Appellant,

v.

Robert P. NIMMO, Administrator, U.S.
Veterans Administration,
Defendant-Appellee.

No. 82–7055.

United States Court of Appeals,
Eleventh Circuit.

May 16, 1983.

Jack Drake, Drake, Knowles, & Pierce, Tuscaloosa, Ala., for plaintiff-appellant.

Frank W. Donaldson, U.S. Atty., Frank S. James, III, Asst. U.S. Atty., Birmingham, Ala., for defendant-appellee.

Before HILL and ANDERSON, Circuit Judges, and LYNNE *, District Judge.

PER CURIAM:

Appellant, Melva A. Ray, filed her civil complaint alleging that in denying her a promotion, the Veterans Administration Medical Center ("VAMC") discriminated against her on the basis of sex and age, and also violated the VAMC's Merit Promotion Plan. Jurisdiction over her complaint was based on Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. § 2000e *et seq.* (West 1982), the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C.A. § 621 *et seq.* (West 1982), and the Fifth Amendment to the United States Constitution.[1] In two separate orders, the district court dismissed all three of Ray's claims.[2] In this direct

---

* Honorable Seybourn H. Lynne, U.S. District Judge for the Northern District of Alabama, sitting by designation.

1. *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

2. The order dismissing Ray's ADEA and Fifth Amendment claims states *in toto:*

This matter is before the court on the motion of the defendant to dismiss pursuant to 12(b)(1) or, alternatively, 12(b)(6) of the Federal Rules of Civil Procedure.

Having considered the arguments of counsel, the pleadings, and the briefs, the court is of the opinion that the claims based upon the Fifth Amendment to the United States Constitution and the claim for age discrimination, based upon 29 U.S.C. § 621 *et seq.,* are due to be dismissed.

Accordingly, it is ordered, adjudged and decreed that plaintiff's claims based upon the Fifth Amendment and on the Age Discrimination Act, 29 U.S.C. § 621 *et seq.,* are dismissed. In all other respects, defendant's motion to dismiss is denied.

Record at 20.

appeal, Ray challenges the dismissal of her age discrimination claim and of her Fifth Amendment claim.[3] We reverse and remand.

## I. FACTS

Melva Ray is a 45-year-old woman employed by the Veterans Administration Medical Center in Tuscaloosa, Alabama, as a secretary, GS–5. In April of 1980, Ray applied for promotion to the position of Personnel Management Specialist. Ray was rated by the personnel department as highly qualified for the promotion. Nonetheless, the position was awarded to an applicant from outside the VAMC who apparently had not been rated. On April 24, Ray initiated complaint proceedings within the VAMC by contacting the agency's EEO Counselor. See 29 C.F.R. §§ 1613.204(d)(4), 1613.214. After this initial interview, the Counselor investigated the basis for Ray's complaint, and on April 29 the Counselor conducted a final interview with Ray. At this interview, the Counselor notified Ray "of her right to file a formal complaint and the time limits within which to do so." Record at 12. See 29 C.F.R. § 1613.213.

Ray then filed her formal complaint on May 7, 1980. Receipt of her complaint was acknowledged by Mr. Robert Dawson, the VAMC's EEO Officer, by letter dated May 27. The complaint was forwarded to Mr. Steve Almasy, Discrimination Complaint Service, Office of Human Goals, and was forwarded by him to Mr. Neal Lawson, Assistant General Counsel of the Veterans Administration ("VA"). See 29 C.F.R. § 1613.214. For the remainder of 1980, the record indicates that no action whatsoever was taken by the agency with regard to Ray's complaint.[4]

On January 9, 1981, Ray filed this civil action in federal district court alleging that the denial of promotion resulted from sex discrimination and age discrimination, and that her non-promotion, "made in direct violation of the merit promotion plan of the VAMC," was a denial of Ray's Fifth Amendment right to due process of law. Soon after filing her civil complaint, Ray was notified that her administrative complaint had been accepted for processing, and that an EEO investigator would be assigned to her case. Record at 13; see 29 C.F.R. § 1613.216.[5] In March, the defendant filed a motion to dismiss Ray's civil action pursuant to Rule 12(b)(1) or alternatively Rule 12(b)(6) of the Federal Rules of Civil Procedure. As to Ray's Fifth Amendment claim, the defendant contended that Title VII and the ADEA constituted Ray's sole remedies. As to her claim of age discrimination, the defendant contended that Ray failed to provide the EEOC with notice of intent to sue as required by 29 U.S.C.A. § 633a(d) (West 1982).[6]

Meanwhile, the agency finally was taking action with regard to Ray's administrative complaint. On April 7, an EEO investigator was assigned to the case, and an investigation was conducted from April 20 to the 24. On April 30, Mr. B.D. Price, the Director and Station EEO Officer, issued Ray a notice of proposed disposition which denied her relief. In addition, this notice alerted Ray to her right to an EEOC hearing and a decision by the General Counsel; alternatively, Ray could request a decision by the General Counsel without hearing. Record at 7–8; see 29 C.F.R. § 1613.217. Ray requested a decision by the General Counsel without a hearing. There is no indication in the record of whether a final agency decision was ever rendered.

On May 19, Ray filed an amended civil complaint addressing the defendant's contention that she had failed to provide the

3. She has not challenged the district court's disposition of her sex discrimination claim.

4. Compare 29 C.F.R. 1613.222(a) (complaint must be resolved by agency within 180 days).

5. Under the terms of § 1613.216(a), upon acceptance of the EEO complaint, the agency also

is required to notify the EEOC itself. The EEOC, however, was not notified here.

6. In addition, the defendant challenged all of Ray's claims on the basis of her failure to exhaust administrative remedies. The administrative exhaustion issue will be discussed below.

EEOC with notice of intent to sue as required by 29 U.S.C.A. § 633a(d) (West 1982). According to Ray, her filing of an administrative charge with the VAMC had been intended to put all relevant agencies on notice of her complaint. Further, Ray contended that her failure to comply with the notice of intent to sue requirement stemmed from the defendant's failure to provide her with notice of the proper grievance procedures. Record at 5. On October 22, 1981, and without stating its reasons, the trial court dismissed Ray's age discrimination and Fifth Amendment claims. *See* note 2 *supra.*

On this appeal, appellant makes the following contentions: (1) the notice of intent to sue provision of § 633a(d) is not a jurisdictional prerequisite, and may be tolled for equitable reasons (discussed in Part II, The Age Discrimination Claim); (2) a federal employee may bring a direct cause of action under the Fifth Amendment due process clause when an agency fails to follow its own procedures in making employment decisions (discussed in Part III, The Due Process Claim).

## II. THE AGE DISCRIMINATION CLAIM

██ Under the ADEA, a federal employee who believes that she has been discriminated against on the basis of her age may proceed through two alternative avenues of relief. First, she may file a formal complaint with the EEOC and pursue an administrative remedy. If denied relief through this avenue, she may then institute a civil action. Second, she can forgo the administrative channel and proceed directly to federal district court, providing she institutes her civil suit no later than 180 days from the event in question and providing that she has filed a "notice of intent to sue" with the EEOC at least 30 days prior to instituting suit. *See* 29 U.S.C.A. §§ 633a(c) and 633a(d); *Paterson v. Weinberger,* 644

F.2d 521, 523 (5th Cir.1981); [7] *Purtill v. Harris,* 658 F.2d 134, 138 (3d Cir.1981); *Macellaro v. Goldman,* 643 F.2d 813, 816 (D.C. Cir.1980) (per curiam); *Nabors v. United States,* 568 F.2d 657, 660 (9th Cir.1978). This requirement that a complainant file a notice of intent to sue with the EEOC prior to instituting a civil action was intended to allow the EEOC sufficient time to attempt informal conciliation between the parties. *Woodard v. Western Union Telegraph Co.,* 650 F.2d 592, 593 (5th Cir.1981); *Powell v. Southwestern Bell Telephone Co.,* 494 F.2d 485, 488 (5th Cir.1974); S.Rep. No. 95–493, 95th Cong. 2d Sess. 12, *reprinted in* 1978 U.S.Code Cong. & Ad.News 504, 515. It is well established, however, that the notice of intent to sue requirement is not an absolute jurisdictional requirement, but is subject to modification or excuse for equitable reasons. *See Paterson v. Weinberger,* 644 F.2d at 524 (plaintiff may claim equitable grounds for not having filed notice and must prove that the reasons she was prevented from filing can be blamed upon employing agency); H.R.Rep. No. 95–950, 95th Cong. 2d Sess. 528, *reprinted in* 1978 U.S. Code Cong. & Ad.News 528, 534 (notice requirement not a jurisdictional prerequisite and equitable modification for failing to file within time period will be available to plaintiffs). *See also Zipes v. Transworld Airlines, Inc.,* 455 U.S. 385, 394–95, 102 S.Ct. 1127, 1133, 71 L.Ed.2d 234, 244–45 (1982) (parallel notice of intent to sue provision in Title VII not jurisdictional but subject to equitable tolling); *Coke v. General Adjustment Bureau, Inc.,* 640 F.2d 584 (5th Cir.1981) (en banc) (notice of intent to sue provision for *private* employees in § 626(d) of ADEA subject to equitable tolling, and not jurisdictional prerequisite).

Ray's amended complaint clearly states that her failure to file the requisite notice may be attributed to the agency itself. Further, the record discloses that soon after

---

**7.** In *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir.1981) (en banc), this court adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. *Id.* at

1209. *Cf. Stein v. Reynolds Securities, Inc.,* 667 F.2d 33 (11th Cir.1982) (adopting as binding precedent all post-September 30, 1981, decisions of Unit B of the former Fifth Circuit).

instituting her administrative complaint, Ray's attorney requested from the agency all information pertaining to relevant grievance procedures. The defendant admits that Ray received no response to this inquiry. *Joint Letter Brief* dated Jan. 12, 1983, at 2–3. Finally, we note the substantial delay involved in the administrative processing of Ray's complaint. Although Ray filed her complaint on May 7, 1980, an EEO investigator was not assigned to the case for 10 months. We therefore reverse and remand to the district court so that it can determine whether Ray's failure to file the notice may be excused on equitable grounds. *See Paterson v. Weinberger,* 644 F.2d at 524; *Charlier v. S.C. Johnson & Son, Inc.,* 556 F.2d 761, 763–64 (5th Cir.1977).

Moreover, we note that in her amended complaint Ray contends that the filing of her administrative complaint in April of 1980 constituted the filing of "a complaint concerning age discrimination with the Commission," within the meaning of § 633a(d). This allegation is significant because by its own terms subsection (d) requires a notice of intent to sue only when

the complainant has *not* filed a complaint with the Commission.[8] *See Purtill v. Harris,* 658 F.2d at 138; *Macellaro v. Goldman,* 643 F.2d at 816; *Nabors v. United States,* 568 F.2d at 660. Thus, a plaintiff need not file such a notice prior to proceeding to federal court when the plaintiff has already proceeded through the EEOC complaint process.[9]

■ Our review of the record strongly suggests that Ray did in fact file a complaint with the EEOC. The regulations governing the administrative processing of ADEA complaints by federal employees appear at 29 C.F.R. §§ 1613.501–521, and incorporate by reference most of the administrative regulations pertaining to the processing of EEOC complaints pursuant to Title VII.[10] *See* 29 C.F.R. §§ 1613.215–271. The record indicates that Ray's administrative complaint was processed in conformance with these regulations.[11] Thus appellant may pursue on remand the issue of whether in fact Ray filed a complaint with the EEOC within the meaning of § 633a sufficient to exempt her from the notice of intent to sue requirement.[12]

8. As originally enacted, § 633a, pertaining to age discrimination claims by federal employees, was to be enforced by the Civil Service Commission. The CSC's responsibilities, however, were transferred to the Equal Employment Opportunity Commission by Reorganization Plan Number 1 of 1978, 5 U.S.C.A. App. at 159 (West Pocket Part 1982).

9. Again, the purpose of the notice of intent to sue requirement is to allow the EEOC to attempt conciliation. Under the complaint process, however, the regulations require that the aggrieved party, *prior* to filing an EEOC complaint, consult with the Agency's EEO Counselor or so that the Counselor may seek an informal adjustment of the complaint. 29 C.F.R. § 1613.213. Thus, the employee who has already proceeded through the formal complaint process will necessarily have allowed the EEOC the opportunity to rectify informally the alleged problem. There remains no policy justifying a requirement of notice of intent to sue in this situation.

10. The regulatory complaint process is far from clear. This confusion stems primarily from the distinction between claims brought by privately employed individuals and those brought by federal employees. Obviously, a private employee must seek out the EEOC; it is fairly obvious,

then, when an EEOC complaint has been filed. Under the regulations governing *federal* employees, however, the employing agency shares many of the EEOC's responsibilities. To one not familiar with the regulatory scheme, the institution of the EEOC formal complaint process deceptively resembles an internal agency grievance process, particularly since agency officials play a significant role in that process.

11. With one apparent exception, § 1613.216(a) requires an agency decision within 180 days.

12. It is not yet clear whether the complainant choosing to proceed administratively must *completely* exhaust that avenue prior to instituting a civil action, or whether, instead, the complainant may proceed to federal court at any time subsequent to institution of the EEOC complaint. *Compare Paterson v. Weinberger,* 644 F.2d at 523 *with Purtill v. Harris,* 658 F.2d at 138. We note that although it does not appear in the record, both parties state in their briefs that a final agency decision on Ray's administrative complaint *was* rendered in August of 1981. *See Purtill v. Harris,* 658 F.2d at 139 (when final decision rendered after dismissal by district court but before decision by court of appeals, court should remand to allow plaintiff to amend complaint and allege exhaustion

## III. THE DUE PROCESS CLAIM

In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), the Supreme Court held that a citizen suffering a compensable injury to constitutionally protected interests may invoke the general federal question jurisdiction and bring a cause of action for damages directly under the Constitution. *Id.* at 404, 91 S.Ct. at 2008. Subsequently, the Supreme Court has applied *Bivens* to allow a direct action under the equal protection "component" of the Fifth Amendment due process clause. *Davis v. Passman,* 442 U.S. 228, 99 S.Ct. 2264, 60 L.Ed.2d 846 (1979). These cases therefore establish a presumption that "justiciable constitutional rights are to be enforced through the courts." *Id.* at 242, 99 S.Ct. at 2275. The Court has stated, however, that a direct cause of action under the Constitution may be defeated in two situations: (1) when defendants demonstrate the existence of special factors counseling hesitation in the absence of affirmative action by Congress; or (2) when defendants show that Congress has provided an alternative remedy which it explicitly declared to be a substitute for direct recovery under the Constitution. *Carlson v. Green,* 446 U.S. 14, 18–19, 100 S.Ct. 1468, 1471, 64 L.Ed.2d 15 (1980); *Davis, supra,* 442 U.S. at 246–48, 99 S.Ct. at 2277–78; *Bivens, supra,* 403 U.S. at 397, 91 S.Ct. at 2005.

According to Ray's complaint:

The plaintiff was denied her right to due process of law as protected by the Fifth Amendment in that the defendant at its VAMC facility in Tuscaloosa failed to follow its own regulations and in that defendant and the Veterans Administration has failed to follow its own affirmative action plans and regulations.

Record, at 2. In their motion to dismiss, the defendants contended that Ray's exclusive remedies were statutory actions for discrimination under Title VII and the ADEA. The district court apparently agreed with this contention, and dismissed Ray's Fifth Amendment claim. If appellant's claims were grounded solely in age and sex discrimination, defendant's contention certainly would be correct. *See Brown v. General Services Administration,* 425 U.S. 820, 835, 96 S.Ct. 1961, 1969, 48 L.Ed.2d 402 (1976) (Title VII provides exclusive judicial remedy for claims of sex discrimination in federal employment); *Paterson v. Weinberger,* 644 F.2d at 524–25 (ADEA constitutes exclusive remedy for age discrimination in federal employment). Ray's Fifth Amendment claim, however, is not based on age discrimination. Rather, she contends that had the VAMC abided by the terms of its merit promotion rules, she would have been awarded a promotion. She argues that in failing to abide by those rules, the VAMC deprived her of a protected interest without due process of law. *See Vitarelli v. Seaton,* 359 U.S. 535, 539–46, 79 S.Ct. 968, 972–76, 3 L.Ed.2d 1012 (1959). In our opinion, such a claim of unconstitutional deprivation is distinct from any claim of discrimination alleged by the appellant. Thus, *Brown* and *Paterson* are distinguishable, and appellant's Fifth Amendment claim should not have been disposed of on the pleadings.[13]

At oral argument, counsel for the defendants conceded that he had misunderstood the separate and distinct nature of Ray's Fifth Amendment claim. Defendants now contend, however, that under *Bivens, Davis,*

---

of administrative remedies). There is no evidence, however, of an appeal of the August, 1981 decision to the Commission itself. *See* 29 C.F.R. § 1613.232–236.

We further note that Ray apparently argues in the alternative that even if her administrative grievance was not a complaint filed with the EEOC within the meaning of § 633a, nonetheless it was sufficient to place the EEOC and her employer on notice. This court, however, has rejected the sufficiency of oral notice to the EEOC. *See Woodard v. Western Union Telegraph Co.,* 650 F.2d at 594.

**13.** We note that the precise procedures the VAMC is alleged to have disregarded are not reflected in the record. On the other hand, nothing said by the appellees refutes the allegation of a procedural violation which rises to the level of a denial of due process. *But see* note 15, *infra,* and accompanying text.

and *Carlson* we should not allow a direct cause of action under the Constitution under the circumstances of this case. Specifically, the defendants argue that the relationship between the federal government and its employees is a "special factor counseling hesitation" in inferring a direct cause of action. *Carlson, supra,* 446 U.S. at 18, 100 S.Ct. at 1471 (quoting *Bivens* ).

■ In *Bush v. Lucus,* 647 F.2d 573 (5th Cir.1981) (on remand from 446 U.S. 14, 100 S.Ct. 1846, 64 L.Ed.2d 268 (1980)), *cert. granted,* —— U.S. ——, 102 S.Ct. 3481, 73 L.Ed.2d 1365 (1982), a panel of the former Fifth Circuit held that this "unique relationship" was such a special factor, and refused to infer a direct cause of action. 647 F.2d at 576–77. In so holding, the court relied primarily upon the extensive grievance procedures normally available to a federal employee. In the court's view, "the very comprehensiveness of the legislative and administrative scheme [for dealing with employee grievances] evinces Congress' awareness of the special relationship and of the government's responsibilities toward its civil service employees." *Id.* at 577.[14] Defendants contend that, as in *Bush,* Ray had available to her an adequate avenue for pursuing an administrative remedy for the alleged due process violation. The Civil Service Reform Act of 1978, 5 U.S.C.A. § 2301, *et seq.* (West 1982), provides guidelines for agencies to follow when making personnel decisions, including decisions involving promotions. Further, 5 U.S.C.A.

§ 1206 (West 1982) empowers the Special Counsel of the Merit Systems Protection Board to receive and investigate allegations of prohibited personnel practices. Finally, after exhaustion of the foregoing administrative process the employee may seek judicial review of the Board's action under 5 U.S.C.A. § 7703 (West 1980). In its letter brief to this court subsequent to oral argument the defendant contended that employee grievance procedures in effect since September 17, 1974, supplemented the foregoing statutory procedures.

■ It is apparent, however, that the defendant's contention regarding the availability of administrative and statutory remedies was not put before the district court. Moreover, appellant argues that in fact she attempted to seek relief through the available channels but was rejected in her efforts. *See* Reply Brief of Appellant at 2. Finally, although it is far from clear, there is a suggestion in the record that at the time of the alleged violation by the VAMC the appellant occupied a somewhat unique employment position; [15] it is thus possible that she may not have been entitled to pursue remedies normally available to employees in the competitive service. On the record before this court it is impossible to determine whether appellant's relationship with her federal employer is of the same quality as that at issue in *Bush.* Under these circumstances, and since the case must be remanded in any event, we prefer that the district

---

**14.** In the original panel decision in *Bush,* 598 F.2d 958 (5th Cir.1979), the court refused to infer a direct cause of action because the plaintiff-employee had available to him an alternative remedy in the form of civil service regulations governing adverse employee actions. Further, the employee was entitled to pursue this avenue into the federal courts. *Id.* at 961. The Supreme Court, however, vacated and remanded in light of its intervening decision in *Carlson v. Green,* 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980). *See* 446 U.S. 914, 100 S.Ct. 1846, 64 L.Ed.2d 268 (1980). On remand, the Fifth Circuit panel altered its previous rationale, but adhered to its conclusion. Rather than holding that the civil service remedy was an adequate substitute for a direct action, the court used the existence of such remedies as evidence of the unique relationship existing be-

tween the federal government as employer and its employees. 647 F.2d at 576–77. The court thus avoided the issue of whether Congress *intended* the civil service remedies to be a substitute for a *Bivens* action. The Supreme Court has granted certiorari in *Bush.* —— U.S. ——, 102 S.Ct. 3481, 73 L.Ed.2d 1365 (1982).

**15.** According to the EEOC Counselor's report, Ms. Ray "stated that she understood when she applied for her present position that she could not compete under the Merit Promotion Plan and that she understood that she was a Term Appointment but that she 'felt she should have some rights as a VA employee.'" Record at 18. Nowhere, however, have the defendants explicitly contended that Ms. Ray was *not* protected by the Plan.

court address in the first instance defendant's argument based on *Bush.* If, upon remand, the appellant is found to be a "federal employee" within the meaning of *Bush,* her Fifth Amendment claim must be dismissed.

## IV. CONCLUSION

On the basis of the foregoing discussion, we reverse and remand to the district court.

REVERSED AND REMANDED.