**Horace L. DURHAM, Plaintiff,**

v.

**BLECKLEY COUNTY SCHOOL SYSTEM, Defendant.**

**Civ. A. No. 85–311–2–MAC (WDO).**

United States District Court, M.D. Georgia, Macon Division.

March 8, 1988.

Horace L. Durham, pro se.

Thomas F. Richardson, Macon, Ga., for defendant.

## ORDER

OWENS, Chief Judge.

Before this court is defendant Bleckley County School System's ("Bleckley") motion for summary judgment on plaintiff Horace L. Durham's claim of religious discrimination. Plaintiff has alleged a violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.

§ 2000e–2(a)(1). Mr. Durham, a black male who has embraced the Hebrew faith, contends that defendant failed to hire him because of his religious convictions. Defendant disputes this contention, and it argues that plaintiff was not qualified for the position he sought.

### Facts

1. Plaintiff Horace L. Durham applied for a position as a custodian with Bleckley County School System on at least four separate occasions, including February 26, 1981; April 6, 1984; November 11, 1985; and April 22, 1986. Plaintiff was interviewed on at least one unidentified occasion by the Superintendent of Bleckley School System, Mr. Freddy D. Wimberly. Mr. Wimberly did not inquire about plaintiff's religion, but plaintiff did volunteer that he was a "preacher." Plaintiff did not specify the nature of his religious beliefs.

2. Bleckley follows an identifiable procedure when seeking persons to fill custodial positions. Personnel files both at the central office and at particular schools are examined for applications. The principal for the particular school where the vacancy has occurred reviews the applications and recommends an individual to the Superintendent based upon the following qualifications: (1) good work habits in previous employment with special emphasis given to individuals either previously employed with the school system or previously involved in a high school job program; (2) trustworthiness; and (3) ability to work well with others. Interviews are conducted, following which the Superintendent recommends an individual to the Board of Education.

3. Defendant has hired six individuals for custodial positions while plaintiff's applications have been on file. These individuals include Joe Harris, Tommy Harris, Melvin Brown, Benny Owens, Bobby Blash and Wilbur Fountain. All of these individuals were highly qualified, and each met the above-identified criteria. In fact, all of the individuals, with the exception of Wilbur Fountain, had been involved in the youth job program available in the county high school. At the time Fountain was hired, defendant needed an individual capable of operating a tractor. Fountain was recommended by the Transportation Director, Mr. Joe Bryant, Jr., and he was found to be highly qualified for the job.

4. Upon researching plaintiff's references, the Superintendent discovered that plaintiff had a poor employment record. Plaintiff's work experience included the following: (1) part-time orderly with County Memorial Hospital; (2) seasonal work with Slade Peanut & Grain; (3) temporary lawn care work with Savannah Housing Authority; and (4) seasonal work planting cabbages. These employers indicated that plaintiff had seldom, if ever, satisfactorily completed employment tasks. Therefore, defendant did not hire Mr. Durham.

5. Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC") on December 13, 1984. Plaintiff alleged that defendant had refused to hire him because of his religion. On May 29, 1985, the EEOC found "no reasonable cause to believe plaintiff's allegations of religious discrimination." Plaintiff, proceeding *pro se*, filed this lawsuit on September 3, 1985.

6. On November 15, 1985, this court conducted an in chambers conference to permit the *pro se* plaintiff to explain his allegations and the factual foundation therefor. *See* Transcript of In Chambers Conference held November 15, 1985.

### Conclusions of Law

1. The court has jurisdiction over this case pursuant to Section 706(f)(3) of Title VII of the Civil Rights Act, as amended, 42 U.S.C. § 2000e–5(f)(3).

2. Rule 56(c) of the Federal Rules of Civil Procedure provides for the entry of summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

3. Rule 56(c) mandates the entry of summary judgment, upon motion,

against a party who, after adequate time for discovery, fails to make a showing sufficient to establish the existence of any element essential to his case and upon which he will bear the burden of proof at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Movant may discharge this burden by showing "that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325, 106 S.Ct. at 2554, 91 L.Ed.2d at 275. The court, however, must review the evidence and all factual inferences in the light most favorable to the nonmovant. *Thrasher v. State Farm Fire & Casualty Co.,* 734 F.2d 637, 638 (11th Cir.1984).

■ 4. Section 706(e) of Title VII, 42 U.S.C. § 2000e–5(e), requires an aggrieved party to file a charge of discrimination with the EEOC within one hundred and eighty days from the date upon which the alleged unlawful employment practice occurred. A party's noncompliance with this requirement bars action in a federal court unless such noncompliance is excused by waiver, estoppel or equitable tolling. *Zipes v. Trans World Airlines,* 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982) (in *Zipes* the requirement was held to be similar in nature to a statute of limitations).

■ 5. The burden of proof in a Title VII case is upon the plaintiff to establish a *prima facie* case of discrimination. To establish a *prima facie* case for religious discrimination, plaintiff must document the following: (1) plaintiff belongs to a protected class; (2) he applied and was qualified for a job for which the employer was seeking applicants; (3) he holds a *bona fide* religious belief, and he communicated this belief to defendant; (4) he was rejected despite his qualifications; and (5) after plaintiff's rejection, the position remained open, and defendant sought applicants from persons with qualifications approximating those of complainant. *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802,

93 S.Ct. 1817, 1824, 36 L.Ed.2d 668, 677 (1973); *Byrd v. Johnson,* 31 FEP 1651 (D.D.C.1983); *Kureshy v. City University of New York,* 561 F.Supp. 1098 (E.D.N.Y. 1983).

■ 6. Once plaintiff has proved by a preponderance of the evidence a *prima facie* case of discrimination, the burden of production shifts to defendant to articulate a legitimate, nondiscriminatory reason for its employment decision. If defendant meets this burden, plaintiff must then prove by a preponderance of the evidence that the legitimate reasons offered by defendant were in fact a pretext for discrimination. *Texas Department of Community Affairs v. Burdine,* 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981); *Grigsby v. Reynolds Metals Co.,* 821 F.2d 590 (11th Cir.1987); *Byrd v. Johnson, supra; c.f. Palmer v. Dist. Bd. of Trustees of St. Petersburg,* 748 F.2d 595 (11th Cir.1984) (not only must plaintiff make out *prima facie* case for age discrimination, but also he must rebut legitimate, nondiscriminatory reasons articulated by defendant).

■ 7. A litigant proceeding *pro se* is entitled to special consideration by the court.[1] *Griffith v. Wainwright,* 772 F.2d 822, 825 n. 6 (11th Cir.1985).

### Discussion

By filing a charge of religious discrimination with the EEOC, plaintiff has satisfied the initial statutory hurdle that is a prerequisite to bringing this Title VII action. In its ruling of May 29, 1985, the EEOC found no reasonable cause to believe that defendant had refused to hire plaintiff because of his religion.

■ However, plaintiff's claim fails because he is unable to establish a *prima facie* for religious discrimination. To qualify for a custodial position, an applicant must have (1) a history of good work habits in previous employment, (2) trustworthiness, and (3) an ability to work well with

---

1. By letter dated January 25, 1988, this court notified plaintiff of the pending summary judgment motion and encouraged him to respond. The court's letter informed plaintiff both of the

meaning of summary judgment and of the results of plaintiff's failure to respond. Despite such notice, plaintiff did not respond.

others. In determining the work habits of applicants, Bleckley traditionally has considered previous employment with the school system, participation in the youth job program in the county high school and recommendations from former employers or present county employees. Not one of these factors establishes that plaintiff has a proven history of good work habits. In fact, based upon the investigation conducted by the Superintendent, plaintiff has a history of poor work habits. Thus, plaintiff was not qualified for the position.

Further, plaintiff's *prima facie* case falls short because he did not inform defendant of his religion. Though plaintiff stated that he was a preacher, defendant never asked and plaintiff never indicated which particular denomination or religion he espoused.

Plaintiff stated at the conference that, to get a job, he was told to "go to 'their' church and join and recite—I mean, to be saved ..." Plaintiff could not identify who made this statement. Neither did plaintiff indicate that this statement was made by someone with authority to hire. In contrast, Superintendent Wimberly stated in his affidavit that religion is not a factor in Bleckley's employment decisions. Plaintiff's unsupported statement does not suffice to establish Bleckley's knowledge of plaintiff's religion.

■ Assuming *arguendo* that plaintiff could establish a *prima facie* case, defendant has presented evidence of a legitimate, nondiscriminatory basis for its employment decision. Defendant hired individuals who exhibited a history of good work habits. Plaintiff has presented no evidence that such a qualification for employment is a pretext for religious discrimination.

"In general, summary judgment is an inappropriate tool for resolving claims of employment discrimination, which involves nebulous questions of motivation and intent." *Grigsby v. Reynolds Metals Co.*, 821 F.2d 590, 595 (11th Cir.1987), citing *Thornbrough v. Columbus and Greenville R.R.*, 760 F.2d 633, 640 (5th Cir.1985). However, plaintiff's evidence in this case simply falls short of the evidence needed to establish a *prima facie* case. In such cases, summary judgment is proper. *See Celotex, supra.*

In conclusion, this court holds that plaintiff has failed to establish a *prima facie* case of religious discrimination. Thus, defendant's motion for summary judgment is hereby GRANTED. Though defendant has requested that the court award costs and reasonable attorney's fees, the court determines that such action is inappropriate in this case. Each party will bear its own costs.