John R. ZELLARS, Plaintiff,

v.

LIBERTY NATIONAL LIFE INSURANCE COMPANY, Gary L. Sowards, Defendants.

Civ. No. 95–D–723–E.

United States District Court,
M.D. Alabama,
Eastern Division.

Oct. 19, 1995.

Charles Michael Quinn, C. Paige Williams, Birmingham, AL, for plaintiff.

Charles B. Paterson, Montgomery, AL, for defendants.

### MEMORANDUM OPINION

De MENT, District Judge.

Before the court is defendants Liberty National Life Insurance Company and Gary L. Sowards' motion filed June 19, 1995, to dismiss the above-styled cause. The plaintiff responded in opposition on July 17, 1995. After careful consideration of the arguments of counsel, the relevant case law and the record as a whole, the court finds that the

defendants' motion relating to the federal claims is due to be granted and the remaining state claims are due to be dismissed without prejudice.

## STANDARD OF REVIEW FOR MOTION TO DISMISS

■ Pursuant to Rule 12(b)(6) of the *Federal Rules of Civil Procedure*, a defendant may move to dismiss a complaint on the ground that the plaintiff has failed to state a claim upon which relief may be granted. A Rule 12(b)(6) motion questions the legal sufficiency of a complaint; therefore, in assessing the merit of a Rule 12(b)(6) motion, the court must assume that all the factual allegations set forth in the complaint are true. *See, e.g., United States v. Gaubert*, 499 U.S. 315, 327, 111 S.Ct. 1267, 1276, 113 L.Ed.2d 335 (1991); *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir.1990). Moreover, all factual allegations are to be construed in the light most favorable to the plaintiff. *See e.g., Sofarelli v. Pinellas County*, 931 F.2d 718, 721 (11th Cir.1991); *see also Brower v. County of Inyo*, 489 U.S. 593, 598, 109 S.Ct. 1378, 1382, 103 L.Ed.2d 628 (1989).

■ On a motion to dismiss for failure to state a claim upon which relief may be granted, the movant "sustains a very high burden."[1] *Jackam v. Hospital Corp. of America Mideast, Ltd.*, 800 F.2d 1577, 1579 (11th Cir.1986) (citing *Currie v. Cayman Resources Corp.*, 595 F.Supp. 1364, 1376 (N.D.Ga.1984)). The Court of Appeals for the Eleventh Circuit has held, "motions to dismiss for failure to state a claim should be denied unless it appears beyond doubt that the plaintiff can prove no set of facts in support of its claims." *Jackam*, 800 F.2d at 1579 (quoting *Bracewell v. Nicholson Air Servs., Inc.*, 680 F.2d 103, 104 (11th Cir. 1982)); *see also Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984).

■ The court also stresses that on a motion to dismiss for lack of subject matter jurisdiction, Rule 12(b)(1) of the *Federal Rules of Civil Procedure*, the nonmoving party has the burden of showing that it properly invoked the court's jurisdiction. *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir.), *cert. denied*, 449 U.S. 953, 101 S.Ct. 358, 66 L.Ed.2d 217 (1980).[2] In ruling on the motion, the court is to "consider the allegations of the complaint as true." *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir.), *cert. denied*, 454 U.S. 897, 102 S.Ct. 396, 70 L.Ed.2d 212 (1981).

## PROCEDURAL FACTS AND HISTORY

The plaintiff John R. Zellars (hereafter "Mr. Zellars") alleges that he was discharged by his employer Liberty National Life Insurance Company (hereafter "Liberty National") and district manager Gary L. Sowards (hereafter "Mr. Sowards") because of his race in violation of 42 U.S.C. §§ 1981 and 2000e *et seq.* He further alleges that he was discharged because of his age in violation of the Age Discrimination in Employment Act (hereafter "ADEA"). The purported reasons given by Liberty National for Mr. Zellar's termination was that he had low production and negative growth. However, Mr. Zellars alleges that younger employees and white employees with higher negative growth rates than his were not terminated or otherwise disciplined.

Mr. Zellars' received his notice of termination in a letter dated May 17, 1993. Def.s' Ex. B; Pl.'s Ex. A. The letter stated that effective May 17, 1993 his employment with Liberty National would be terminated and that he would receive compensation for the weeks of May 17, 1993 and May 24, 1993. The letter was signed by Mr. Sowards.

On November 29, 1993, Mr. Zellars filed a charge of discrimination with the Equal Employment Opportunity Commission (hereafter "EEOC"). The EEOC found that the charge was filed late and therefore dismissed the

---

**1.** Rule 12(b)(6) of the *Federal Rules of Civil Procedure* permits a party to plead or move for dismissal of a complaint if that complaint fails to state a claim upon which relief may be granted.

**2.** Decisions of the former Fifth Circuit rendered prior to October 1, 1981, constitute binding authority in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc).

charge as untimely. On May 30, 1995, Mr. Zellars filed this suit seeking relief against Liberty National and Mr. Sowards.

The defendants allege that Mr. Zellars has not met the jurisdictional prerequisites to the filing of an action under Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e) or the ADEA (29 U.S.C. § 621), and thus the court lacks subject matter jurisdiction concerning those claims. Furthermore, the defendants contend that Mr. Zellars' § 1981 claim is barred by the applicable statute of limitations.

## DISCUSSION

### A. *Title VII*

The court stresses that Title VII permits an aggrieved employee to seek relief in federal court provided the complainant has (1) filed timely charges of employment discrimination with the EEOC and (2) receives and acts upon the EEOC's statutory notice of the right to sue. 42 U.S.C. § 2000e–5(f)(1); *see McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 798, 93 S.Ct. 1817, 1822, 36 L.Ed.2d 668 (1973). Under Title VII, a plaintiff must file a charge with the EEOC within 180 days of the discriminatory action of which he or she complains. *EEOC v. Commercial Office Prods. Co.*, 486 U.S. 107, 110, 108 S.Ct. 1666, 1668, 100 L.Ed.2d 96 (1988) (*citing* § 706(e), 42 U.S.C. § 2000e–5(e)); *see also* 29 C.F.R. § 1601.13(a)(1).[3]

■ As a general rule, a Title VII plaintiff cannot bring claims in a lawsuit that were not included in his or her EEOC charge. *Alexander v. Gardner–Denver Co.*, 415 U.S. 36, 47, 94 S.Ct. 1011, 1019, 39 L.Ed.2d 147 (1974). The Eleventh Circuit has held that failure to file charges with the EEOC within the 180–day time period results in a bar of claims contained in the untimely filed charge. *Ross v. Buckeye Cellulose Corp.*, 980 F.2d 648, 662 (11th Cir.1993), *cert. denied*, —— U.S. ——, 115 S.Ct. 69, 130 L.Ed.2d 24

(1994); *see also Jackson v. Seaboard Coast Line R.R. Co.*, 678 F.2d 992 (11th Cir.1982); *Durham v. Bleckley County School Sys.*, 680 F.Supp. 1555, 1558 (M.D.Ga.1988).

■ Notwithstanding the rigid tone of the general rule stated in *Ross*, equitable principles may forestall a strict application thereof. In *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982), the Supreme Court of the United States held that:

> ... filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling.

*Zipes*, 455 U.S. at 392, 102 S.Ct. at 1131.

The defendants specifically deny that Mr. Zellars timely filed charges with the EEOC. Def.s' Mot. to Dis. Therefore, Mr. Zellars bears the burden of proving compliance with the requisite preconditions. *Jackson*, 678 F.2d at 1010. The court finds that Mr. Zellars has failed to meet this burden, because he admits that his claims were not specifically made the subject of a claim before the EEOC. Pl.'s Mem. in Resp. to Def.s' Mot. to Dis.

■ Therefore, in light of *Ross* and *Zipes*, the court must decide whether equity requires the court to ignore Mr. Zellars' untimely filing of his charges with the EEOC and entertain his action nonetheless. In *Chappell v. Emco Mach. Works Co.*, 601 F.2d 1295 (5th Cir.1979), the previous Fifth Circuit noted three situations in which equity may toll or interrupt the section 2000e–5(e) period, and likewise the § 621 period.[4] First, the *Chappell* court found that the time period may be tolled during the pendency of an action before a state tribunal which has subject matter jurisdiction over the action. *Id.* at 1302. Second, the 180–day requirement may be deferred until the complaining

---

**3.** 42 U.S.C. § 2000e–5(e) provides in relevant part:

[a] charge under this section shall be filed within one hundred and eighty days after the alleged employment practice occurred and notice of the charge (including the date, place

and circumstances of the alleged unlawful employment practice) shall be served upon the person against whom the such charge is made within ten days thereafter ...

**4.** *See infra* pp. 359–360 for further discussion of the ADEA.

party knew or should have known the facts which precipitated the Title VII claim. *Id.* at 1303.[5] Third, where the EEOC misleads a complainant regarding the nature of his rights under Title VII it is appropriate to equitably modify the time requirement for filing charges with the EEOC. *Id.*

A close look at the facts of this case reveals that Mr. Zellars' disposition does not fall within any of the three categories enumerated above. No cause of action concerning this case is currently pending in state court. Also, Mr. Zellar does not allege that he was unaware of the facts giving rise to this action at the time he was discharged. Finally, Mr. Zellars neither contends nor is there any evidence to support a conclusion that the EEOC misled him regarding his rights under Title VII. Thus, the court will not consider Mr. Zellars' Title VII claim.

## B. *Age Discrimination in Employment Act*

■ Unlike Title VII, the Age Discrimination in Employment Act provides an aggrieved employee with two alternative avenues of relief. First, he or she may file a formal complaint with the EEOC. If a plaintiff chooses this administrative route, the right to sue under the ADEA arises sixty days after the aggrieved employee files a charge, irregardless of whether the EEOC issued a notice of right to sue. 29 U.S.C. § 626(d). After sixty days has elapsed, the plaintiff must file suit within two or three years, depending on whether the discrimination is willful. In lieu of pursuing administrative relief, an employee may proceed directly to federal district court. The aggrieved employee must, however, give notice "not less than thirty days before suit" to the EEOC of an intent to sue, and this notice must be filed with the EEOC within 180 days of the alleged unlawful practice. *Stevens v. Department of Treasury,* 500 U.S. 1, 5, 111 S.Ct. 1562, 1566, 114 L.Ed.2d 1 (1991); 29 U.S.C. § 633a(d).

■ Here, Mr. Zellars failed to timely file a formal complaint with the EEOC. Further, he has not presented any evidence showing that he has given the EEOC notice of an intent to sue. The court has already determined that there are no equitable principles in this case which require the court to ignore Mr. Zellars' untimely filing of his charge with the EEOC. *See supra* pp. 358–359. Therefore, the only issue remaining before the court is whether equity excuses the failure to notify the EEOC of an intent to sue.

The Eleventh Circuit has stated that the "notice of intent to sue" requirement of § 633a(d) is subject to modification or excuse for equitable reasons. *Ray v. Nimmo,* 704 F.2d 1480, 1483 (11th Cir.1983). In *Nimmo,* the court tolled the time period for giving the EEOC notice of intent to sue because the failure to file the requisite notice was attributed to the agency itself. *Id.* at 1483. Specifically, the EEOC did not respond appropriately to a request for information by the plaintiff's attorney. *Id.* at 1484. The court also noted that there was a substantial delay involved in the administrative processing of the plaintiff's complaint. Also, in *Paterson v. Weinberger,* 644 F.2d 521, 524 (5th Cir.1981), the court stated that the plaintiff may claim equitable grounds for failing to file a notice of intent to sue with the EEOC if he or she can prove that the reasons he or she was prevented from filing the notice can be blamed upon the employing agency.

Here, there is no evidence to indicate that the EEOC prevented Mr. Zellars from filing a notice of intent to sue or prevented Mr. Zellars from even contacting them. In fact, there is no evidence that Mr. Zellars even attempted to contact the EEOC concerning his intent to sue. Mr. Zellars has presented nothing to the court indicating an equitable reason to ignore this requirement. Based on this lack of evidence, the court finds that Mr. Zellars has presented no reason to justify excusing his failure to comply with the requirements of § 633a(d). As a result, his

5. In *Reeb v. Economic Opportunity Atlanta, Inc.,* 516 F.2d 924, 930 (5th Cir.1975), the court stated that the rationale underlying the suspension of the 180–day requirement is that it is unfair to allow a defendant to conceal facts that support the plaintiff's cause of action and then to rely on the statute of limitations to bar the suit if a duly diligent plaintiff would be unable to discover those facts.

claim under the ADEA is due to be dismissed. *See Castro v. United States,* 775 F.2d 399, 403 n. 4 (1st Cir.1985) (Because employee commenced ADEA without initially filing either formal complaint or notice of intent to sue with the EEOC as required by § 633a(d), his claim was properly dismissed).

### C. *Section 1981*

■ The defendants contend that Mr. Zellars claims under 42 U.S.C. § 1981 are based upon events which occurred more than two years prior to the filing of Mr. Zellars' complaint and therefore are barred by the applicable statute of limitations. Specifically, they contend that where states such as Alabama have several statutes of limitations, both for specific torts and a generic limitations section for all other actions, the latter applies to § 1981 actions and therefore Mr. Zellars' claim is barred by § 6–2–38 of the *Code of Alabama.*

Mr. Zellars does not appear to contest the defendants' assertion that the relevant statute of limitations allows him two years to file a § 1981 claim. *Dunning v. General Elec. Co.,* 892 F.Supp. 1424, 1425–26 (M.D.Ala.1995) (Ala.Code § 6–2–38(*l*) allows plaintiff two years to file a § 1981 claim.) (citing *Goodman v. Lukens Steel Co.,* 482 U.S. 656, 661–62, 107 S.Ct. 2617, 2621–22, 96 L.Ed.2d 572 (1987) (state limitations period for personal injury, which applies to 42 U.S.C. § 1983, also applies to § 1981); *Lufkin v. McCallum,* 956 F.2d 1104, 1105–06 & n. 2 (11th Cir.) (Alabama's limitations period for personal injury for purposes of § 1983 is two years), *cert. denied,* 506 U.S. 917, 113 S.Ct. 326, 121 L.Ed.2d 246 (1992); Ala.Code § 6–2–38(*l*) ("All actions for any injury to the person or rights of another not arising from contract and not specifically enumerated in this section must be brought within two years.")). Because this lawsuit was filed on May 30, 1995 and the Mr. Zellars knew or should have known that he had been injured on May 17, 1993,[6] the two-year limitation period has run unless it has been tolled.

Mr. Zellar argues that the running of the statute of limitations applicable to his § 1981 claims should be tolled because of his mistaken belief as to when the statute of limitations began to run. Mr. Zellars does not cite, and the court cannot find, any case that says a plaintiff's mistake about the date the statute of limitations begins to run causes the statute to be tolled. Furthermore, the court does not believe that this mistaken belief is adequate to toll the statute of limitations. Therefore, the court finds that the running of the statute of limitations was not tolled, and thus, Mr. Zellars' § 1981 claims must be dismissed.

### D. *Supplemental Jurisdiction*

The court will next address whether it will invoke supplemental jurisdiction over the remaining state claims.[7] The court must adhere to the Judicial Improvements Act of 1990, Pub.L. No. 101–650, 104 Stat. 5089, which substantially altered the law concerning ancillary and pendent jurisdiction. The Act creates, as 28 U.S.C. § 1367, a new provision concerning "supplemental jurisdiction." This provision codifies and revises the law that had developed under the labels "pendent" and "ancillary" jurisdiction. Specifically, subsection (a) of § 1367 dictates that as long as a federal district court has original jurisdiction of a claim, the court

---

6. In determining when a § 1981 claim accrues, the court stresses that it looks to federal law. *Mullinax v. McElhenney,* 817 F.2d 711, 716 (11th Cir.1987) (citations omitted). In *Mullinax,* the Eleventh Circuit set forth the general rule governing when a § 1983 claim accrues as follows: [T]he statute [of limitations in a § 1983 claim] does not begin to run until the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights. Thus Section 1983 actions do not accrue until the plaintiff knows or has reason to know that he has been injured. Nor will a Section 1983 action accrue until the plaintiff is aware or

should have been aware who has inflicted the injury.
*Mullinax,* 817 F.2d at 716 (internal citations omitted). Applying this reasoning to § 1981 claims, the court finds that the time Mr. Zellars knew or should have known that he had been injured was on May 17, 1993. *See* Def.'s Ex. B; Pl.'s Ex. A.

7. In reference to the state claims, the complaint states "... defendants committed trespasses to the person of plaintiff, and committed assaults and batteries upon him." Pl.'s Compl. at ¶¶ 13–15.

shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

The court stresses that the Act makes supplemental jurisdiction mandatory unless there is a specific statutory exception. One such exception provided in subsection (c) of § 1367 states:

The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) *the district court has dismissed all claims over which it has original jurisdiction,* or

(4) in exceptional circumstances, where there are other compelling reasons for declining jurisdiction.

(emphasis added). The court also takes into consideration the fact that the federal claims are being dismissed early in this action. In accordance with the foregoing authority, because no claims remain from which the court had original jurisdiction, the court shall dismiss the state claims without prejudice.[8]

## CONCLUSION

For the foregoing reasons, the court finds that defendants Liberty National Life Insurance Company and Gary L. Sowards' motion to dismiss relating to the federal claims is due to be granted. The court further finds that the remaining state claims are due to be dismissed without prejudice. A judgment in accordance with this memorandum opinion will be entered separately.

---

8. The court does not consider whether the statute of limitations has run on Mr. Zellars' state law claims as "subdivision (d) of § 1367 recognizes the serious statute of limitations problems a claim may face after it has been 'declined' in a federal action." 28 U.S.C. § 1367 (quoting Practice Commentary at p. 836). Specifically, subdivision (d) recognizes that "it may now be too late under the state statute of limitations to bring a state action on the claim." *Id.* Therefore, subdivision (d) provides "that the [plaintiff] shall have at least a 30–day period [to file] the state action after it is dismissed by the federal court." *Id.*